19655

Nadine Pearl ROGERS, Respondent, v. Charlie Lewis ROGERS, Appellant

(197 S. E. (2d) 921)

*E. Windell McCrackin, Esq.,* of Myrtle Beach, *for Appellant,*

*J. M. Long, Jr., Esq.,* of Conway, *for Respondent.*

July 10, 1973.

BRAILSFORD, Justice:

As required by a divorce decree entered in the Horry County Family Court on May 3, 1971, C. L. Rogers, a sergeant in the United States Air Force stationed at Myrtle Beach, South Carolina, paid to Nadine Rogers alimony of $100.00 per month through February, 1972, when he terminated the payments. This proceeding was commenced in July, 1972, to compel payment of the past due installments. Sergeant Rogers pled that his former wife had remarried, and that, by the terms of the decree, his obligation to pay alimony was thereby terminated. The scant testimony relating to this defense may be briefly summarized, as follows:

Sergeant Rogers testified that in early March he received a call from Nadine saying that she was moving to Charlotte and that he should pick up his belongings at the apartment formerly occupied by the couple. When, in response to this call, he arrived at the apartment, Nadine introduced a Mr. Kline to him as her husband, and told him that they had been married in Charlotte several days before. An airman from Sergeant Rogers' outfit and the airman's wife, both of whom had known and been friendly with Nadine for a considerable time, testified that they received the same introduc-

tion when they found Nadine and Kline at the apartment, apparently preparing to move to Charlotte. Nadine denied having introduced Kline as her husband, but readily admitted having spent a night with him at a beach motel and having accompanied him to Charlotte where she stayed in his home for some six weeks. In explanation, she testified as follows:

"Q. Mrs. Rogers, did Mr. Kline ask you to marry him?

"A. Yes, he did.

"Q. Did you tell him you would marry him?

"A. Yes, I did.

"Q. Were you ever married?

"A. No, sir.

"Q. Did you ever live together as man and wife or did you hold yourself out to be man and wife?

"A. I lived in his house. He traveled, and he did not stay there all the time.

"Q. For what period of time did you say (sic) in North Carolina?

"A. Six weeks.

"Q. Did he ever go through a marriage ceremony with you?

"A. No, sir.

"Q. You were never married?

"A. No, sir.

"Q. You never held yourself out to be his wife?

"A. No, sir.

"Q. When he would not get married, what did you do then?

"A. I came back to Myrtle Beach.

\* \* \*

"Q. Why did you leave Myrtle Beach and go to Charlotte and live in his house before you were married?

"A. Because he had asked me to marry him, and he told me he would marry me."

The testimony was taken on August 29, 1972; and an order was filed October 31, 1962, by which the court, without making any express findings of fact or conclusions of law with respect to the defense of re-marriage, simply found that Rogers had defaulted in making required payments and ordered that such payments be made, one-half within fifteen days and the balance within thirty days of the date of the order.

This appeal by Sergeant Rogers is upon two exceptions as follows:

"1. That Judge Vaught erred in his Order in not separately stating his findings of fact and his conclusions of law as required by Section 10-1510, Code of Laws of South Carolina, 1962.

"2. That Judge Vaught erred in failing to find that the petitioner had entered into a common law marriage with one K. G. Kline, and that the respondent was thus relieved of any duty to support petitioner, the error being that his findings are against the greater weight or preponderance of the evidence."

The first exception must be sustained because the court completely disregarded Section 10-1510, Code of 1962. It also disregarded Rule 13 of the Rules of Practice and Procedure in the Family Court, Vol. 15, Code of 1962, Cumulative Supplement, which requires that an order set forth the salient facts upon which it is granted. Appellant, recognizing that this Court has jurisdiction to find the facts in this equitable proceeding, does not seek reversal and remand on this ground. He only seeks vindication of his right to have determined the factual issue upon which his defense rests.

As we view the evidence, even assuming that Nadine, before leaving for Charlotte, introduced Kline as her husband to Sergeant Rogers and the two other witnesses, which she denies having done, it falls far short of establishing the existence of a common law marriage. Her introduction of Kline as her husband was attended by her statement that they had

been married in Charlotte several days earlier, which could only have meant that at that time and place they had been ceremonially married. No one now relies upon the truth of this statement which, in effect, is acknowledged to be false.

There is no evidence that Nadine and Kline took each other for husband and wife before leaving for Charlotte, and no reason to doubt her statement that she accompanied him to his home hoping to be married to him there. All of the evidence on the point is that the frustration of this hope resulted in her return to Myrtle Beach. If Nadine's testimony as to Kline's promise and its repudiation is believed, the case is one of seduction. If not, her cohabitation with Kline was merely illicit. We need not inquire which, because there is no claim that Nadine's right to alimony is barred by misconduct on her part. We agree with the implied finding of the court below that the evidence fails to establish the defense of remarriage.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.